1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DEAN WILKS,                          )
                                           )
                  Plaintiff,               )          CASE NO.  CO4-1731-RSL
                                           )
          v.                               )          ORDER DENYING MOTION
                                           )          FOR APPOINTMENT OF COUNSEL
R. BECKMAN, *et al.*,                       )
                                           )
                  Defendants.              )
_____)

9
10
11
12
13
14

This matter comes before the Court on plaintiff's motion for court appointment of

counsel.  The Court having considered the motion and the remainder of the record, does hereby

find and ORDER:

(1)      There is no right to have counsel appointed in cases brought under 42 U.S.C. §

1983.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Although the Court, under

28 U.S.C. § 1915(e)(1) can request counsel to represent a party proceeding *in forma pauperis*,

the Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*. 789 F.2d 1328,

1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v.*

*Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an

evaluation of both the likelihood of success on the merits and the ability of the plaintiff to

articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Wilborn*, 789

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 1

F.2d at 1331.  Neither factor is dispositive and both must be viewed together before reaching a decision on request for counsel.  *Id.*

In his complaint, plaintiff alleges that defendant Beckman violated his First Amendment rights to freedom of speech by refusing to allow him to sing in his cell even though he had been granted permission to do so.  In the present motion, Plaintiff indicates that he strongly feels that appointment of counsel is warranted in this case due to defendants' alleged "inability to communicate 'timely' and efficiently with the requests of Plaintiff and this court's timeline."  However, Plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel at the present time because Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that the complexity of issues involved hampers his ability to articulate his claims.

(2)     Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. #33 ) is DENIED.

(3)     The Clerk is directed to send a copy of this Order to Plaintiff and to the Honorable Robert S. Lasnik.

DATED this 31st day of October, 2005.


MONICA J. BENTON
United States Magistrate Judge

ORDER DENYING MOTION FOR
APPOINTMENT OF COUNSEL - 2